UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL JONES,

                           Plaintiff,                       9:23-cv-720 (BKS/PJE)

v.

BENJAMIN D. AGATA, et al.,

                           Defendants.
_____

**Appearances:**

*Plaintiff Pro Se:*
Daniel Jones
C22582
Central New York Psychiatric Center
PO Box 300
Marcy, New York 13403

*For Defendants:*
Peter A. Lauricella
Kadeem O. Wolliaston
Wilson, Elser Law Firm
200 Great Oaks Boulevard
Suite 228
Albany, New York 12203

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff pro se Daniel Jones, who is presently confined at the Secure Treatment and

Rehabilitation Center ("STARC") under Article 10 of the New York Mental Hygiene Law,

brings this action pursuant to 42 U.S.C. § 1983 against Defendants Benjamin Agata, Megan

Dorr, Joseph Betar, and Kevin Wilson for alleged violations of his constitutional rights arising

1

out of his confinement. (Dkt. No. 9 ("Amended Complaint")). On December 16, 2024, Defendants filed a cross-motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Dkt. No. 52). That motion is fully briefed. (Dkt. Nos. 52-4, 59, 62). This matter was assigned to Magistrate Judge Paul J. Evangelista, who on May 28, 2025 issued a Report-Recommendation and Order recommending that Defendants' cross-motion to dismiss be granted, and that Plaintiff's pending motions to compel discovery and to appoint counsel be dismissed as moot. (Dkt. No. 67). For the reasons that follow, the Report-Recommendation is rejected, Defendants' motion is denied in its entirety, Plaintiff's motion to appoint counsel is denied without prejudice, and Plaintiff's motion to compel is referred to Magistrate Judge Evangelista.

## II.  BACKGROUND

In reviewing the sufficiency of the operative Amended Complaint under 28 U.S.C. § 1915(e)(2)(B), this Court determined that Plaintiff's First Amendment access-to-court claims and Fourteenth Amendment equal protection claims against Defendants Agata, Wilson, Dorr, and Betar survived initial review and required a response. (Dkt. No. 10, at 18-19). Agata, Dorr, and Betar work for Mental Hygiene Legal Services ("MHLS"), and Wilson is the Former Acting Director of MHLS. (Dkt. No. 9, ¶¶ 19-22).

---

[1] While Defendants' notice of motion cites to Fed. R. Civ. P. 12(b)(6), Defendants' memorandum of law states that they move to dismiss pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 52-4, at 2)). As Magistrate Judge Evangelista noted, "the motion properly falls under Rule 12(c)" because "[D]efendants have answered the Complaint." (Dkt. No. 67, at 2 n.3). *See also Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("[A] motion to dismiss for failure to state a claim [ ] that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)."). In any event, the standard is the same under either Rule. *See Lively v. WAFRA Inv. Adv. Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020))).

2

On November 18, 2024, after discovery began, Plaintiff filed a motion to compel certain initial disclosures (Dkt. No. 48). On December 16, 2024, Defendants filed an affidavit in opposition to the motion to compel along with a cross-motion to dismiss the Amended Complaint. (Dkt. No. 52). Plaintiff opposed the motion, (Dkt. No. 59), and subsequently filed a motion to appoint counsel, (Dkt. No. 63).

On May 28, 2025, Magistrate Judge Evangelista issued a Report-Recommendation finding that Plaintiff had failed to demonstrate that any of the Defendants were personally involved in Plaintiff's alleged constitutional violations. (Dkt. No. 67, at 18). Magistrate Judge Evangelista also concluded that Plaintiff's claims failed on the merits. (*Id.* at 18-31). Magistrate Judge Evangelista therefore recommended that Defendants' cross-motion to dismiss be granted, and that Plaintiff's motions to compel and to appoint counsel be dismissed as moot. (*Id.* at 31). Plaintiff filed timely objections to the Report-Recommendation, to which Defendants have responded. (Dkt. Nos. 70, 71).

### III. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular

3

findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487.

## IV. DISCUSSION

### A. The Amended Complaint

Plaintiff was transferred to STARC on December 6, 2017. (Dkt. No. 9, ¶ 34). Plaintiff alleges that, under New York State law, "MHLS is required to provide legal services and legal advise [sic] to persons receiving care at inpatient and community based facilities for mentally disabled [people], including patients in civil commitment proceeding[s.]" (*Id.* ¶ 35). Upon his arrival at STARC, MHLS informed Plaintiff that "due to a conflict of interest with their agency[,] there would be a limit to answering only legal questions." (*Id.* ¶ 36).

In June 2018, Plaintiff contacted an attorney at MHLS "requesting that a petition be filed [on] his behalf [ ] for discharge and/or release to the community." (*Id.* ¶ 37). The attorney "filed a motion in Oneida County, dated June 27, 2018[,] that requested counsel be assigned to represent [P]laintiff based on a prior conflict of interest with MHLS[.]" (*Id.* ¶ 38). The court granted the motion and assigned counsel to represent Plaintiff for his annual review pursuant to New York Mental Hygiene Law § 10.09.[2] (*Id.*). On December 18, 2018, the Office of Mental

---

[2] N.Y. Mental Hyg. Law § 10.09(b) provides, in relevant part:
    The commissioner shall also assure that each respondent committed under this article shall have an examination for evaluation of his or her mental condition made at least once every year [ ] conducted by a psychiatric examiner who shall report to the commissioner his or her written findings as to whether the respondent is currently a dangerous sex offender requiring confinement. At such time, the respondent also shall have the right to be evaluated by an independent psychiatric examiner. If the respondent is financially unable to obtain an examiner, the court shall appoint an examiner of the respondent's choice to be paid within the limits prescribed by law. Following such evaluation, each psychiatric examiner shall report his or her findings in writing to the commissioner and to counsel for respondent. The commissioner shall review relevant records and reports, along with the findings of the psychiatric examiners, and shall make a

Health ("OMH") commission determined upon annual review that Plaintiff "was currently [a] dangerous sex offender" requiring continuing confinement. (*Id.* ¶ 70). However, Plaintiff did not have "counsel to petition the court in a timely manner for an independent doctor" to evaluate Plaintiff "prior to OMH's commissioner making a determination that he [ ] require[d] civil confinement." (*Id.* ¶ 69). Plaintiff "did not have an order for the appointment of an independent examiner until July 1, 2019." (*Id.* ¶ 70).

On December 29, 2020, Defendant Agata "provide[d] [P]laintiff a courtesy call at the direction of [Defendant] Wilson, Acting Director of MHLS[.]" (*Id.* ¶ 42). Agata, an attorney for MHLS, (*id.* ¶ 30), told Plaintiff "that he called to provide clarity to the procedures regarding MHLS representation[,]" (*id.* ¶ 43). Agata explained that "MHLS handles two types of cases" at STARC: "conflict out" and "case development" cases. (*Id.* ¶ 45). Plaintiff's case "was considered 'conflict out' based on a conflict of interest with the agency[,]" and MHLS could not discuss his case with him. (*Id.*). Agata explained that MHLS would receive Plaintiff's "papers" prior to Plaintiff's annual review, and at that point MHLS would inform the court of the conflict of interest and ask for other counsel to represent him. (*Id.* ¶ 43).

Plaintiff alleges that "case development" residents are provided legal representation "from the onset of [their] retention at STARC[,]" from "initial assessments" to "development" of their cases in preparation for annual review proceedings, to "personal interviews, phone conversations, [and] review of [their] treatment notes[.]" (*Id.* ¶ 64). If MHLS represents a resident, "MHLS attorneys obtain an independent doctor for the resident for [their] annual review hearing." (*Id.* ¶ 46). Plaintiff, as a "conflict out" resident, is "at a disadvantage as counsel is not assigned until a few month[s] before the annual review process begins[,]" while the "'case

---

determination in writing as to whether the respondent is currently a dangerous sex offender requiring confinement.

5

development' review process is continuous even after the commissioner's determination to continue civil confinement." (*Id.* ¶ 64). Plaintiff alleges his experience as a "conflict out" resident is not isolated. (*Id.* ¶ 65).

On March 26, 2021, Plaintiff wrote again to MHLS to request that new counsel be appointed. (*Id.* ¶ 47). By letter dated April 1, 2021, Defendant Dorr, "Principle Attorney at MHLS," acknowledged receipt of Plaintiff's letter and reiterated that Agata advised Plaintiff that their office would ask the court to "appoint counsel in advance of his annual review hearing." (*Id.*). Dorr also told Plaintiff that an attorney had been appointed to represent him for his upcoming annual review. (*Id.*). However, Defendants "continued to [ ] represent themselves as [Plaintiff's] counsel by accepting his legal papers." (*Id.* ¶ 49). After Plaintiff was assigned an attorney for his 2021 review, Dorr sent Plaintiff a letter informing him that OMH had scheduled his annual evaluation. (*Id.* ¶ 48). Agata also sent Plaintiff copies of certain documents pertaining to his annual review after Plaintiff had been assigned an attorney. (*Id.* ¶ 49)

"[O]n or about June 2021," OMH again issued a determination that Plaintiff was a dangerous sex offender requiring confinement. (*Id.* ¶ 70). "[T]he court granted the appointment of an independent examiner on July 30, 2021"—after OMH had already issued its determination. (*Id.*). On March 13, 2023, Defendant Betar, "Senior Attorney at MHLS," sent Plaintiff a letter informing him that OMH had scheduled his annual evaluation, (*id.* ¶ 50), and again, on May 22, 2023, Plaintiff was found to be "currently dangerous[.]" (*Id.* ¶ 74).

### B.     Plaintiff's Surviving Claims

In its December 2023 decision reviewing the Amended Complaint, this Court found that Plaintiff's First Amendment access-to-court claims and Fourteenth Amendment equal protection

claims against Defendants Agata, Wilson, Dorr, and Betar survived initial review and required a response. (Dkt. No. 10, at 18-19). The Court briefly reiterates the applicable law.

### 1. Access-to-Courts

The Supreme Court has held that the constitutional right of access to courts entitles plaintiffs to "adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *abrogated in part on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996).[3] To establish a *Bounds* violation, a plaintiff must show "actual injury," as "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. at 351 (1996). Thus, to state a claim of inadequate access to the courts under *Bounds*, a plaintiff must show "'that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim' - for example, by demonstrating that he has been unable to file a complaint or as had a complaint dismissed for failure to observe a technicality." *Benjamin v. Fraser*, 264 F.3d 175, 184 (2d Cir. 2001) (citing *Lewis*, 518 U.S. at 351). "A hypothetical injury is not sufficient to state a claim for violation of the right of access to the courts." *Amaker v. Haponik*, No. 98-cv-2663, 1999 WL 76798, at *3, 1999 U.S. Dist. LEXIS 1568, at *8 (S.D.N.Y. Feb. 17, 1999). Instead, a plaintiff must demonstrate "actual injury" by establishing that the denial "hindered his efforts" to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 349, 351-53.

In its December 2023 decision reviewing the Amended Complaint, this Court determined that Plaintiff's access-to-courts claim survived as to the remaining Defendants, citing to Plaintiff's allegations that they "violated his First Amendment rights when they continued to

---

[3] "Undeniably[,] the civilly committed patients at the [CNYPC], like convicted inmates, enjoy a First Amendment right of meaningful access to the courts." *McChesney v. Hogan*, No. 08-cv-0163, 2010 WL 3602660, at *12, 2010 U.S. Dist. LEXIS 92948, at *37 (N.D.N.Y. Aug.17, 2010) (citation omitted).

accept [P]laintiff's legal papers and represent themselves as his counsel in connection with his annual reviews[,]" and that as a result Plaintiff "was unable to meaningfully prepare and participate in his annual review hearings[.]" (Dkt. No. 10, at 7, 9).

### 2. Equal Protection

The Equal Protection Clause requires that the government treat all similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Where a party "raises an equal protection claim relating to a non-suspect class, the party alleging a violation must show (1) disparate treatment between class members and similarly situated non-members, and (2) there is no rational relationship between the disparate treatment and a legitimate government interest." *See Bah v. City of New York*, No. 13-cv-6690, 2014 WL 1760063, at *9, 2014 U.S. Dist. LEXIS 60856, at *24 (S.D.N.Y. May 1, 2014) (citing *Hayden v. Paterson,* 594 F.3d 150, 169 (2d Cir.2010)). In its December 2023 decision reviewing the Amended Complaint, this Court determined that Plaintiff's equal protection claim survived initial review against the remaining Defendants, citing to Plaintiff's allegation that they "treated [P]laintiff, as a 'conflict out' resident[,] differently than similarly situated residents who were classified as 'case development' residents. (Dkt. No. 10, at 13).

### E. Defendant's Cross-Motion to Dismiss

Defendants' motion to dismiss fails to address the applicable substantive law underlying Plaintiff's surviving constitutional claims, and fails to address how that law applies to the facts alleged in the Amended Complaint. (*See generally* Dkt. No. 52-4).

Defendants argue that "Plaintiff's claims are about violations of State law procedure," and "violation of state rules or regulations do not present a cognizable constitutional claim." (Dkt. No. 52-4, at 9-10). Defendants do not address the surviving First Amendment access-to-courts claim identified in this Court's initial review—namely, that Defendants "violated his First

8

Amendment rights when they continued to accept [P]laintiff's legal papers and represent themselves as his counsel in connection with his annual reviews[,]" and that as a result Plaintiff "was unable to meaningfully prepare and participate in his annual review hearings[.]" (Dkt. No. 10, at 7). Instead, Defendants cite irrelevant case law apparently pertaining to Plaintiff's First Amendment retaliation claim, (see Dkt. No. 52-4, at 15), which this Court has already dismissed, (see Dkt. No. 10, at 15).

Defendants assert that the Amended Complaint fails to allege Defendants deprived Plaintiff of his "Fourteenth Amendment rights," but do not cite to any equal protection law, or apply equal protection law to the facts alleged. (Dkt. No. 52-4, at 16). Defendants wholly failed to address Plaintiff's allegation that Defendants "violated his equal protection rights because they treated [P]laintiff, as a 'conflict out' resident[,] differently than similarly situated residents who were classified as 'case development' residents." (*See* Dkt. No. 10, at 13).

### F. The Report-Recommendation

Magistrate Judge Evangelista recommended dismissing all of Plaintiff's claims because the Amended Complaint fails to adequately allege any Defendants' personal involvement in Plaintiff's alleged constitutional violations and, in any event, fails to adequately allege a constitutional violation. (See Dkt. No. 67, at 13-18). The personal involvement analysis, however, did not address Defendants' alleged personal involvement in connection with the surviving access-to-court and equal protection claims. (*Id.*).

Plaintiff objects to Magistrate Judge Evangelista's Report-Recommendation as "contrary to" this Court's prior orders. (Dkt. No. 70, at 6 (citing Dkt. Nos. 5 and 10)). In his objections, Plaintiff notes that that the claims that survived review were a First Amendment access-to-court claim and a Fourteenth Amendment equal protection claim. (Dkt. No. 70, at 6). Plaintiff argues

9

that the Report-Recommendation "makes no mention of" this Court's previous decisions in connection with its recommendation of "dismissal for failure to state a cause of action." (*Id.*). Plaintiff objects to the Report-Recommendation's conclusion that the Amended Complaint failed to adequately allege the Defendants' personal involvement in those claims, and he objects to the conclusion that the Amended Complaint fails to state a constitutional violation. (*See generally* Dkt. No. 70). Plaintiff correctly observes that Defendants' memorandum of law does not address "Plaintiff's allegations regarding denial of equal protection,", and that Defendants failed to address his "First Amendment access-to-court" allegations. (*See* Dkt. No. 70, at 18, 24).[4] And the recommendation to dismiss the Amended Complaint on the merits is not focused on the surviving access-to-court and equal protection claims.

     Having reviewed Plaintiff's objections de novo, the Court agrees that because Defendants failed to base their motion to dismiss on the law that applied to Plaintiff's claims and failed to apply the applicable law to the facts alleged in the Amended Complaint, the Amended Complaint should not be dismissed. *See Jones v. Albany County Civil Service Com'n*, 985 F. Supp. 280, 282 (N.D.N.Y. 1997) ("A district court may not dismiss an action for failure to state a claim based upon grounds not raised by the parties."); *Hughes v. Anderson*, 449 F. App'x 49, 51 (2d Cir. 2011) (error to dismiss "First Amendment claim with prejudice on a ground not raised by a defendant without giving [plaintiff] notice and opportunity to respond . . ."). *See also Whitley v. Bowden*, No. 17-cv-3564, 2018 WL 2170313, at *12, 2018 U.S. Dist. LEXIS 79287, at *43

---

[4] Plaintiff also argues that this Court "reviewed" his claims "and determined that each [D]efendant was involved personally in violation of the claims that survived review." (*Id.* at 7). But in that respect, Plaintiff misunderstands the nature of the December 2023 order, which reviewed the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). (*See* Dkt. No. 10, at 2). While the Court determined that Plaintiff's First and Fourteenth Amendment claims survived initial review and required a response, the Court expressed no opinion as to whether these claims could withstand a properly filed dispositive motion. (*See* Dkt. No. 10, at 9, 13). "A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6)." *Jones v. Sullivan*, No. 19-cv-0025, 2020 WL 5792989, at *5, 2020 U.S. Dist. LEXIS 178521, at *12 (N.D.N.Y. Sept. 29, 2020).

10

(S.D.N.Y. May 10, 2018) (declining to consider argument for dismissal where defendants cited "generic caselaw" in a single sentence; argument was "not sufficiently argued" by defendants, "who [were] represented by counsel and attempting to dismiss a pro se Complaint" (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998))) (collecting cases). The Court therefore rejects the recommendation that the First Amendment access-to-courts and Fourteenth Amendment Equal Protection claims be dismissed, and denies Defendants' cross-motion to dismiss.[5]

### G.  Motion to Appoint Counsel

Plaintiff has previously filed two motions for appointment of counsel, (*see* Dkt. Nos. 3; 23), both of which have been denied, (*see* Dkt. Nos. 5; 28). Plaintiff asserts that the issues in his case "are going to be complex," "will require significant research and investigation[,]" and that the research tools available to him are limited. (Dkt. No. 63, at 2). Plaintiff has also submitted a list of attorneys and firms he has contacted in an effort to obtain pro bono counsel. (*See id.* at 3).

Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel. *See, e.g., United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981). However, pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel"). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

[The Court] should first determine whether the indigent's position seems likely to be of

---

[5] Because the Court rejects Magistrate Judge Evangelista's Report-Recommendation and denies Defendants' motion to dismiss, the Court does not reach Plaintiff's remaining objections.

11

> substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case; rather, each case must be decided on its own facts. *See Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. Oct. 16, 1995) (citing *Hodge*, 802 F.2d at 61). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

At this preliminary stage, the Court is unable to determine whether Plaintiff meets the threshold requirement that at least some aspects of his claim are "likely to be of substance." *See Horowitz*, 28 F.3d at 1341. Moreover, Plaintiff has thus far been able to adequately litigate this case on his own. The Court is not aware of any special reason why appointment of counsel in this case is warranted at this time. The Court is also mindful of the Second Circuit's admonishment as to the scarcity of volunteer lawyers and the need to allocate that resource with the utmost care. *See Cooper*, 877 F.2d at 172. Therefore, Plaintiff's motion for the appointment of counsel is denied without prejudice.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Evangelista's Report-Recommendation (Dkt. No. 67) is **REJECTED**; and it is further

**ORDERED** that Defendants' cross-motion to dismiss (Dkt. No. 52) is **DENIED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 63) is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff's motion to compel (Dkt. No. 48) is referred to Magistrate Judge Evangelista; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 29, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge