**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DANIEL JONES,

Plaintiff, 9:23-cv-00720 (BKS/PJE)

v.

BENJAMIN D. AGATA, Attorney, MHLS; MEGAN E. DORR, Principal Attorney, MHLS; JOSEPH M. BETAR, Senior Attorney, MHLS; and KEVIN D. WILSON, Former Acting Director, MHLS,

Defendants.

---

**Appearances:**

*Plaintiff Pro Se:*
Daniel Jones
P.O. Box 300
Marcy, New York 13403

*For Defendants:*
Kadeem Wolliaston
Peter A. Lauricella
Wilson Elser Moskowitz Edelman & Dicker LLP
200 Great Oakes Boulevard, Suite 228
Albany, New York 12203

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff pro se Daniel Jones brought this 42 U.S.C. § 1983 action against Defendants, current and former employees of Mental Hygiene Legal Services ("MHLS"). (Dkt. No. 9). Defendants moved for summary judgment on Plaintiff's remaining access to courts and equal protection claims, (Dkt. No. 90), and the Court referred the motion to U.S. Magistrate Judge Paul J. Evangelista pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c). On August 12, 2026,

Judge Evangelista issued a Report-Recommendation and Order recommending that the Court grant Defendants' motion in its entirety. (Dkt. No. 109). Plaintiff timely filed objections, and Defendants filed a response. (*See* Dkt. Nos. 111, 112, 113). For the reasons that follow, the Report-Recommendation is adopted in part, and Defendants' motion is granted.

Plaintiff is civilly confined at the Secure Treatment and Rehabilitation Center ("STARC") in Marcy, New York, pursuant to Article 10 of the New York Menal Hygiene Law ("MHL"). (*See* Dkt. No. 104, at 28; *see also* Dkt. No. 9, at 2–3). Plaintiff's remaining claims stem from Defendants' failure to provide him certain "legal services" and other conduct related to his Article 10 proceedings. (*See* Dkt. No. 9, at 1–2). The Court assumes the parties' familiarity with the factual and procedural background of this case, discussing below only those facts necessary to explain its decision.

## II. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358–59 (2d Cir. 2025) (citing Fed. R. Civ. P. 72(b)); *see also* 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *See Nambiar*, 158 F.4th at 359.

## III. DISCUSSION

The Court reviews the Report-Recommendation according to well-established summary judgment standards, viewing the record in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor. *See Gilles v. Repicky*, 511 F.3d 239, 243 (2d Cir. 2007); Fed. R. Civ. P. 56(a). Additionally, because Plaintiff proceeds pro se, the Court has liberally construed his submissions and considered his amended complaint—which complies with 28 U.S.C. § 1746, (*see* Dkt. No. 9, at 24)—"as evidence for summary judgment purposes." *See Brandon v. Kinter*, 938 F.3d 21, 26 n.5 (2d Cir. 2019); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

### A. Discovery Objections

In his briefing before Judge Evangelista, Plaintiff argued that additional "discovery is required pursuant to" Rule 56(d). (Dkt. No. 104, at 20). The Report-Recommendation construed this argument as a cross-motion for discovery and "dismissed" it as "moot." (Dkt. No. 109, at 2 & n.2, 26). Plaintiff now objects, arguing that further discovery is "vital to his opposition of Defendant[s'] motion." (Dkt. No. 112, at 1; *see also id.* at 14, 16, 17). Defendants improperly limited the scope of produced documents, Plaintiff says, and also failed to turn over "policy and procedure regarding [MHLS's] handling" of "conflict out" and "case development" cases. (*See id.* at 1–2).

These objections are without merit. Judge Evangelista previously addressed the same issues during discovery, and this Court affirmed those orders, concluding that he acted well within his discretion. (*See generally* Dkt. No. 103). The Court also denied Plaintiff's motion for reconsideration of that decision raising the same issues. (*See* Dkt. No. 105). Those rulings are now law of the case, and Plaintiff presents no "cogent and compelling reasons" to revisit them. *See Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (citation modified); *see also United States*

*v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) (explaining that such reasons include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (quoting *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983))). Accordingly, any error in Judge Evangelista's failure to address these arguments was harmless.

**B. Color of State Law**

Turning to the merits, the Report-Recommendation first concluded that Defendants were entitled to summary judgment on Plaintiff's § 1983 claims because they did not act under color of state law. (*See* Dkt. No. 109, at 13–17). Plaintiff objects to this conclusion, and Defendants disagree. (Dkt. No. 112, at 7–10; Dkt. No. 113, at 11–13). Upon de novo review, the Court agrees with Judge Evangelista.

"In order to [prevail on] a claim under § 1983, a plaintiff must [demonstrate] that he was injured by either a state actor or a private party acting under color of state law." *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). "[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel . . . do not act 'under color of state law' and therefore are not subject to suit under" that statute. *See Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997); *Prince v. Jelly*, No. 3:17-cv-01284, 2017 WL 5574273, at *3, 2017 U.S. Dist. LEXIS 191048, at *5–6 (D. Conn. Nov. 20, 2017). "This is true even if the attorney is employed by the Mental Hygiene Legal Services, a state-funded legal services agency under the direction of the New York State Office of Court [A]dministration." *McNair v. Kirby Forensic Psychiatric Ctr.*, No. 09 Civ. 6660, 2010 WL 1328616, at *2, 2010 U.S. Dist. LEXIS 32328, at *5 (S.D.N.Y. Mar. 31, 2010) (quoting *Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005)); *cf. Kaminski v. Semple*, 796 F. App'x 36, 39 (2d Cir. 2019) ("[L]egal aid agencies are not state actors, 'notwithstanding the receipt of substantial government

funds,' as long as the State does not 'exercise control or supervision over the internal operations' of the agency." (quoting *Graseck v. Mauceri*, 582 F.2d 203, 208 (2d Cir. 1978))).

Whether a defendant performed a traditional function as counsel "depends on the nature and context of the function [counsel] is performing." *Cf. Georgia v. McCollum*, 505 U.S. 42, 54 (1992) (discussing public defenders); *see also Levine v. Ass'n of Legal Aid Att'ys, UAW Loc. 2325*, No. 24-cv-2733, 2025 WL 1795961, at *5, 2025 U.S. Dist. LEXIS 123644, at *12–13 (S.D.N.Y. June 30, 2025). An attorney does not under color of state law where they perform "essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." *See Polk Cnty. v. Dodson*, 454 U.S. 312, 319 (1981) (discussing public defenders); *Levine*, 2025 WL 1795961, at *4, 2025 U.S. Dist. LEXIS 123644, at *9–10; *cf. Graseck*, 582 F.2d at 208 ("The lack of governmental control over or interference with [a legal aid organization's] affairs" is "pivotal."). An attorney may, however, "act under color of state law while performing certain administrative and possibly investigative functions." *See Dodson*, 454 U.S. at 325.[1]

Here, Plaintiff argues that Judge Evangelista erred in concluding that there exists no evidence from which a reasonable juror could find that Defendants acted under color of state law. (*See* Dkt. No. 112, at 7–10). Specifically, Plaintiff says, "a reasonable jury could conclude that Defendants['] acts did not require them to exercise professional legal judgment arising from their services as prescribed by MHL §§ 47.01 and 47.0[3]." (*Id.* at 10).

Following the Court's 28 U.S.C. § 1915 review, Plaintiff's access to courts claim concerns his assertion that Defendants "continued to . . . represent themselves as [Plaintiff's]

[1] As Judge Evangelista noted, (Dkt. No. 109, at 16 n.8), Plaintiff does not assert that Defendants "conspire[d] with a state official to violate [his] constitutional rights." *See McNair*, 2010 WL 1328616, at *2, 2010 U.S. Dist. LEXIS 32328, at *5–6 (quoting *Fisk*, 401 F. Supp. 2d at 378).

counsel" and accept Plaintiff's "legal documents from" the Office of Mental Health—even after a court relieved them of representation—hindering his ability to meaningfully prepare and participate in his annual review hearings. (*See* Dkt. No. 9, at 11, 15; *see also* Dkt. No. 10, at 7, 9; Dkt. No. 112, at 11). Plaintiff's equal protection claim asserts that Defendants impermissibly classified his case as a "conflict out" case and treated him differently than those whose cases were classified as "case development." (*See* Dkt. No. 9, at 10, 14, 21–22; *see also* Dkt. No. 10, at 13; Dkt. No. 112, at 6, 14–15). Those with "case development" cases, Plaintiff explains, received "a plentitude of legal representation from the onset of [their] retention at STARC"; those with "conflict out" cases did not receive such services because counsel was "not assigned until a few month[s] before the annual review process." (*See* Dkt. No. 9, at 14).

Consistent with these assertions, a reasonable fact finder—viewing the summary judgment record in the light most favorable to Plaintiff—could conclude that MHLS attorneys, including Defendants, no longer represented Plaintiff after being relieved as counsel by state courts. (*See* Dkt. No. 90-4, at 2–3 (April 2012 order relieving MHLS as counsel); Dkt. No. 90-5, at 2–4 (March 2021 order relieving MHLS as counsel); *see also* Dkt. No. 104, at 68–74, 82–85). And as a result, Plaintiff received "different treatment . . . regarding legal representation" than other STARC residents whom MHLS attorneys represented. (*See* Dkt. No. 104, at 30–36; *see also* Dkt. No. 90-6, at 2; Dkt. No. 9, at 10, 14, 21–22). A reasonable fact finder could further conclude that Dorr, Agata, and Betar sent Plaintiff information or documents concerning his Article 10 proceedings. (*See* Dkt. No. 90-7, at 2; Dkt. No. 90-8, at 2; Dkt. No. 90-9, at 2; *see also* Dkt. No. 104, at 33–34, 36).

But in light of the above principles, Defendants did not engage in this conduct—requesting to be (and then being) relieved as counsel, failing to provide comparable "legal

representation," and forwarding documents and information related to Plaintiff's proceedings—under color of state law. As Judge Evangelista explained, all such conduct fell within an attorney's traditional function as counsel, "for which state office and authority [were] not needed." *See Dodson*, 454 U.S. at 319; *Prince*, 2017 WL 5574273, at *4, 2017 U.S. Dist. LEXIS 191048, at *8; *cf. Fisk*, 401 F. Supp. 2d at 378 (no state action as to claim against MHLS attorney alleged to have provided inadequate representation and advocacy); *Pecou v. Hirschfeld*, No. 07-CV-5449, 2008 WL 957919, at *1, 2, 2008 U.S. Dist. LEXIS 28668, at *2, 4–5 (E.D.N.Y. Apr. 3, 2008) (similar). Plaintiff argues that the facts here are distinguishable because "MHLS had not been appointed by a court to advocate [on] his behalf as counsel in any [A]rticle 10 proceeding"; he also points to additional cases he says demonstrate that the conduct here was administrative. (*See* Dkt. No. 112, at 8–10). But neither that fact, nor the decisions Plaintiff cites—which articulate the same principles discussed above—alter the "nature and context" of the relevant conduct. *See McCollum*, 505 U.S. at 54. Accordingly, the Court adopts Judge Evangelista's recommendation on this issue and concludes that summary judgment is appropriate. *See Ciambriello*, 292 F.3d at 323.

### C. Remaining Objections

In light of this conclusion, the Court need not address Plaintiff's remaining objections. Having found no clear error in the remaining portions of the Report-Recommendation to which neither party has objected, the Court adopts those portions. *See Nambiar*, 158 F.4th at 359.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Judge Evangelista's Report-Recommendation (Dkt. No. 109) is **ADOPTED** to the extent set forth above; and it is further

**ORDERED** that Defendants' summary judgment motion (Dkt. No. 90) is **GRANTED** in its entirety; and it is further

**ORDERED** that Plaintiffs' remaining access to courts and equal protection claims are **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of Court is respectfully directed to serve a copy of this decision and unpublished case law on Plaintiff in accordance with the Local Rules, enter judgment, and close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge